**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

BRITNEY MAXEY, Individually, and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

VISIBLE IDEAS INC. d/b/a SPLIT PAY,

Defendant.

Case No. ______________________

## NOTICE OF REMOVAL

Defendant Visible Ideas Inc. d/b/a Split Pay ("Visible" or "Defendant") hereby removes the above-captioned action to the United States District Court for the Southern District of Florida. Removal is based on 28 U.S.C. §§ 1331, 1441, and 1446. As grounds for removal, Defendant states the following:

## BACKGROUND

1. On March 26, 2026, plaintiff Britney Maxey ("Plaintiff" or "Maxey") filed a putative Class Action Complaint in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "Complaint").

2. On April 1, 2026, Defendant was served with the Summons and the Complaint (attached as **Exhibit 1** hereto).

3. The Complaint alleges that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), by purportedly sending unsolicited text messages to Plaintiff. Exhibit 1, Compl. ¶¶ 46-49. According to the allegations in the Complaint, Plaintiff asserts claims on behalf of herself, individually, and on behalf of all other similarly situated persons. *Id.*

4. The Complaint asserts claims under the TCPA, including alleged violations of the National Do Not Call Registry provisions, 47 U.S.C. § 227(c), and alleged failure to honor opt-out requests. *Id*. at ¶¶ 43-68. The Complaint seeks statutory damages of $500 per violation, trebled to $1,500 per violation for willful or knowing conduct, as well as injunctive relief. *Id.* at ¶¶ 67-68.

5. This Notice of Removal is being filed within thirty days of service of the Complaint on Visible, making the action timely removed pursuant to 28 U.S.C. §§ 1446(b), (c)(1).

6. Visible denies the allegations in the Complaint, denies that Plaintiff has stated any claim for which relief may be granted, and denies that Plaintiff has been damaged in any manner. Nevertheless, assuming for jurisdictional purposes only that Plaintiff's claims are valid, this matter is removable to this Court based upon federal question jurisdiction.

**<u>FEDERAL QUESTION JURISDICTION AND VENUE</u>**

7. This Court has original jurisdiction over Plaintiff's TCPA claim pursuant to 28 U.S.C. § 1331, which states that federal question jurisdiction is appropriately exercised over "all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff alleges that Defendant violated the TCPA by sending unsolicited text messages to her and other members of the putative Class without their prior express consent and despite them being on the Do Not Call Registry. *Id*. at ¶¶ 59-65.

8. Removal of this case is proper under 28 U.S.C. § 1441(a), which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

9. Federal question jurisdiction exists over this action because the allegations asserted by Plaintiff in the Complaint involve questions that will require resolution of significant, disputed issues arising under federal law. This case qualifies for federal question jurisdiction and is removable because Plaintiff's Complaint alleges claims under, and requires a ruling on, the TCPA. Id. at ¶¶ 43-65.

10. Plaintiff's Complaint on its face seeks relief exclusively under the TCPA, a federal statute that creates a private right of action and provides for statutory damages. *See* 47 U.S.C. §§ 227(b)(3), (c)(5). Because Plaintiff's claims arise under federal law, federal question jurisdiction exists regardless of the amount in controversy or the citizenship of the parties.

11. Accordingly, this Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

12. Venue is proper in this Court because the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, where the state court action is pending, is located within the United States District Court for the Southern District of Florida. 28 U.S.C. § 89(c). Thus, removal to this Court is proper pursuant to 28 U.S.C. § 1441(a).

## PROCEDURAL REQUIREMENTS

13. Consent. Defendant is the only defendant and thus consent of other defendants to removal is inapplicable.

14. Pleadings and Process. Attached hereto as **Exhibit 1** is a copy of all process, pleadings, and orders received in the state court action, and attached as **Exhibit 2** is a copy of the state court docket sheet. 28 U.S.C. § 1446(a).

15. Notice. A Notice of Filing of Notice of Removal will be contemporaneously filed with the clerk of the state court in which the action is pending and served on all adverse parties pursuant to 28 U.S.C. § 1446(d).

16. As of the date of this removal, Defendant has not filed a responsive pleading to the Complaint. Defendant reserves all rights to assert any and all defenses to the Complaint and further reserves the right to amend or supplement this Notice of Removal.

17. If any questions arise as to the propriety of the removal of this action, Visible requests the opportunity to present a brief and argument in support of its position that this case is removable.

18. Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, and this action therefore may be removed to this Court under 28 U.S.C. §§ 1441 and 1446.

19. In the event that Plaintiff seeks to remand this case, or the Court considers remand *sua sponte*, Defendant respectfully requests the opportunity to submit such additional briefing, argument or evidence in support of removal as may be necessary.

WHEREFORE, Defendant Visible Ideas Inc. d/b/a Split Pay respectfully removes this action to the United States District Court for the Southern District of Florida.

Dated: April 29, 2026

Respectfully submitted,

VISIBLE IDEAS INC. D/B/A SPLIT PAY

By: */s/ Carmen Elena Jule*

Carmen Elena Jule
Florida Bar No. 1030760
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
30 Rockefeller Plaza, 39th Floor
New York, New York 10112
Telephone (212) 653-8700 – *general*
Telephone (212) 653-8198 – *direct*
cjule@sheppard.com

*Attorney for Defendant*
*Visible Ideas Inc. d/b/a Split Pay*

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2026, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was served via email on the following counsel:

Gerald D. Lane
The Law Office of Jibrael S. Hindi
1515 NE 26th Street
Wilton Manors, Florida 33305
Telephone (813) 340-8838
gerald@jibraellaw.com

Chad J. Robinson
382 NE 191st PMB 99460
Miami, Florida 33179-2423
Telephone (786) 519-2423
chad@chadrobinson.com

*Attorneys for Plaintiff*

*/s/ Carmen Elena Jule*
Carmen Elena Jule